UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS DION MILNER,

               Petitioner,                         Case Number 2:19-cv-10637

v.                                             Honorable Linda V. Parker

SHERMAN CAMPBELL,

               Respondent.

_____/

## OPINION AND ORDER (1) DENYING THE HABEAS CORPUS PETITION; (2) DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      This matter is before the Court on Petitioner Alexis Dion Milner's *pro se* habeas corpus petition under 28 U.S.C. § 2254.[1]  (ECF No. 1.)  Petitioner is challenging his Michigan convictions for drug and firearm offenses.  He claims that his trial and appellate attorneys were ineffective and that the trial court erred when scoring prior record variable seven (PRV-7) of the Michigan sentencing guidelines.  Respondent Sherman Campbell filed an answer in opposition to the habeas petition.  (ECF No. 8.)  The Court agrees with Respondent that Petitioner's

---

[1]  According to the Michigan Department of Corrections' Offender Tracking Information System, Petitioner was paroled on May 4, 2021.  *See* https://mdocweb.state.mi.us/otis2.  His petition nevertheless is not moot, as he was in custody when it was filed.  *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963).

claims do not warrant habeas corpus relief.  Accordingly, the Court is denying the habeas corpus petition.  The Court also is denying as moot Petitioner's motion for appointment of counsel and declining to issue a certificate of appealability. However, the Court is granting Petitioner leave to proceed *in forma pauperis* on appeal if he appeals this decision.

## I.  Background

### A.  The Charges, Motion to Suppress, Plea, and Sentence

Petitioner was charged with the following crimes:  (1) delivering, manufacturing, or possessing with intent to deliver 50 to 449 grams of a mixture containing cocaine, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii); (2) felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f; (3) delivering or manufacturing marijuana, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii); and (4) three counts of possessing a firearm during the commission of, or attempt to commit, a felony, in violation of Mich. Comp. Laws § 750.227b.  The charges arose from the execution of a search warrant at Petitioner's home in Pontiac, Michigan on January 16, 2014.  Law enforcement officers found a loaded handgun between the mattress and box spring of the bed where they located Petitioner.  (PSR, ECF No. 1 at Pg ID 46.)  The officers also found 78.6 grams of powder cocaine, 41 grams of crack cocaine, 73.4 grams of marijuana, and proof of Petitioner's residency at the house.  (*Id.*).

Petitioner moved to suppress evidence seized during the raid.  He maintained at a hearing on the motion that he was not served with a copy of the search warrant, that the warrant was not time-stamped or issued before the search, and that the search warrant tabulation did not have his address on it.  (12/15/14 Evidentiary Hr'g Tr. at 12-25, ECF No. 9-2 at Pg ID 140-44.)  The trial court denied the motion without prejudice to Petitioner's right to renew his motion if the evidence at trial showed that the search warrant was invalid.  (*Id*. at 37-38, Pg ID 147.)

After the trial court denied the motion from the bench, Petitioner pleaded no contest, as charged.  (*Id.* at 39-56, Pg ID 147-51.)  There was no plea agreement, but the trial court agreed to sentence Petitioner at the bottom of the sentencing guidelines, which was 51 months.  (*See id*. at 39-41, Pg ID 147-48.)[2]

---

[2] The record reflects references to "Cobbs."  (Evidentiary Hr'g Tr. at 40, ECF No. 9-2 at Pg ID 147.)  Pursuant to *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), a judge may participate in sentencing discussions in the following manner:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> . . .
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere

Petitioner was represented by a different attorney at his sentencing where the sentencing guidelines for his minimum sentence were calculated at 51 to 106 months.  (2/26/15 Sentencing Hr'g Tr. at 14, ECF No. 9-4 at Pg ID 237.)  The trial court honored the *Cobbs* agreement and sentenced Petitioner as a habitual offender to a minimum term of 51 months and a maximum term of 30 years for the cocaine conviction.  (*Id.*)  The court sentenced Petitioner to concurrent terms of 2 to 7½ years in prison for the felon-in-possession conviction and 2 to 6 years for the marijuana conviction.  (*Id.* at 14-15, Pg ID 237-38.)

The trial court also sentenced Petitioner to two years in prison for each of the felony-firearm convictions, with credit for 26 days.  The court ordered the felony-firearm sentences to run concurrently with each other, but consecutively to Petitioner's other sentences.  (*Id.* at 14, Pg ID 237.)  Petitioner was 35 years old at the time.  (*Id.*)

## B.  The Direct Appeal

In an application for leave to appeal, Petitioner argued through counsel that: (1) the trial court violated his constitutional rights when the court scored five

---

in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id.* at 212 (emphasis and footnote omitted).

4

points for PRV-2 at his sentencing; (2) the trial court failed to consider, or

inadequately considered, mitigation evidence at his sentencing; (3) trial counsel

was ineffective for not objecting to the length of the sentences for the drug and

felon-in-possession convictions; (4) the trial court violated his constitutional rights

when it ordered him to reimburse the county for attorney fees and authorized the

Michigan Department of Corrections to determine his ability to pay; and (5) trial

counsel was ineffective for failing to object to the order on attorney fees.  (Br. in

Support of Late Appl. for Leave to Appeal at 2x and 3-24, ECF No. 9-5 at Pg ID

291, 303-24.)  The Michigan Court of Appeals denied leave to appeal "for lack of

merit in the grounds presented."  *People v. Milner*, No. 328232 (Mich. Ct. Aug. 25,

2015).

Petitioner raised the same issues in an application for leave to appeal in the

Michigan Supreme Court.  (Pro Per Appl. for Leave to Appeal, ECF No. 9-6 at Pg

ID 328-32.)  On May 2, 2016, the Michigan Supreme Court denied leave to appeal

because it "was not persuaded that the questions presented should be

reviewed . . .."  *See People v. Milner*, 878 N.W.2d 281 (Mich. 2016) (table

decision).

### C.  The Post-Conviction Motion and Subsequent Appeal

On May 5, 2017, Petitioner filed a motion for relief from judgment in the

state trial court.  (Oakland Cnty. Cir. Ct. Register of Actions, ECF No. 9-1 at Pg ID

129.)  He challenged the arrest warrant and the return on the warrant, his attorneys'
performances, and the trial court's scoring of PRV-7.

The trial court denied Petitioner's motion after determining that Petitioner
failed to show "good cause" for not previously raising the issues.  The court also
stated that Petitioner failed to demonstrate that his plea was involuntary, that his
attorneys performed deficiently, and that the result of the proceedings would have
been different but for counsel's actions.  *See People v. Milner*, No. 14-249307-FH
(Oakland Cnty. Cir. Ct. July 6, 2017); (ECF No. 9-7 at Pg ID 454-55.)  Petitioner
sought reconsideration, but the trial court denied the motion.  (ECF No. 9-7 at Pg
ID 456.)

Petitioner appealed the trial court's decision, but the Michigan Court of
Appeals denied leave to appeal, concluding that Petitioner failed to establish that
the trial court erred in denying his motion for relief from judgment.  *See People v.
Milner*, No. 341573 (Mich. Ct. App. Apr. 26, 2018); (ECF No. 9-7 at Pg ID 416).
On December 4, 2018, the Michigan Supreme Court denied leave to appeal
because Petitioner failed to establish entitlement to relief under Michigan Court
Rule 6.508(D).  *See People v. Milner*, 920 N.W.2d 116 (Mich. 2018) (table
decision).

### D.  The Habeas Petition, Response, and Reply

On March 4, 2019, Petitioner filed the pending habeas corpus petition (ECF

No. 1) and a motion for appointment of counsel (*id.* at Pg ID 66-71).  Respondent

filed an answer opposing the petition, arguing that Petitioner procedurally

defaulted his ineffective assistance of counsel claim, which also is meritless, and

that his sentencing claim is waived, procedurally defaulted, non-cognizable, and

meritless.  (Answer at i-ii, ECF No. 8 at Pg ID 87-88.)  Petitioner filed a reply in

which he asserts that his claims are meritorious, his attorneys were ineffective for

failing to raise the claims, and his plea was involuntary due to his counsel's

incompetence.  (Reply, ECF No. 10.)

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

requires prisoners who challenge "a matter 'adjudicated on the merits in State

court' to show that the relevant state court 'decision' (1) 'was contrary to, or

involved an unreasonable application of, clearly established Federal law,' or (2)

'was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.'"  *Wilson v. Sellers*, 138 S. Ct. 1188, 1191

(2018) (quoting 28 U.S.C. § 2254(d)).  "AEDPA thus imposes a highly deferential

standard for evaluating state-court rulings, and demands that state-court decisions

be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "Only an 'objectively unreasonable' mistake, . . . , one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir. 2019) (quoting *Richter*, 562 U.S. at 103).  If a petitioner's habeas claim was not adjudicated on the merits in state court, a federal court applies *de novo* review to the claim.  *Linscott v. Rose*, 436 F.3d 587, 592 (6th Cir. 2006).

### III.  Discussion

### A.  Claim One:  Ineffective Assistance of Counsel

Petitioner alleges first that his trial and appellate attorneys deprived him of his right to effective assistance.  (Pet., ECF No. 1 at Pg ID 30-31.)  Specifically, Petitioner claims that his plea attorney failed to investigate, was not prepared to try the case, failed to re-argue the motion to suppress evidence, and used coercive tactics to convince Petitioner to plead no contest.  (*Id*. at Pg ID 20, 31.)

Petitioner's complaint about his sentencing attorney is that the attorney failed to object to the scoring of PRV-7 (*id*. at Pg ID 20), and his claim about appellate counsel is that the attorney failed to raise the issue of his trial attorneys' ineffectiveness (*id*. at Pg ID 21).

Petitioner first raised his ineffectiveness claims in his motion for relief from judgment, which the trial court denied in part because Petitioner did not raise the issues on direct appeal.  Respondent, therefore, argues that the claims are procedurally defaulted.

Petitioner's claim about appellate counsel is not procedurally defaulted, because Petitioner could not be expected to raise a claim about appellate counsel while he was represented by the attorney.  His motion for relief from judgment was the first time he could raise that claim.  *See Whiting v. Burt*, 395 F.3d 602, 610 n.6 (6th Cir. 2005); *Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004); *McFarland v. Yukins*, 356 F.3d 688, 713 (6th Cir. 2004).  Nevertheless, the Court concludes for the following reasons that Petitioner's claims about his trial attorneys are procedurally defaulted.

### 1.  Procedural Default

In the habeas context, a procedural default is "a critical failure to comply with state procedural law."  *Trest v. Cain*, 522 U.S. 87, 89 (1997).  Under the related doctrine, "a federal court will not review the merits of [a state prisoner's]

claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).  A claim is procedurally defaulted, and a federal court usually may not review it, "if (1) the prisoner broke a state procedural rule, (2) the state court enforced the rule, and (3) the procedural forfeiture was an adequate and independent ground for denying relief." *Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019), *cert. denied*, 141 S. Ct. 273 (2020).

The procedural rule in question here is Michigan Court Rule 6.508(D)(3), which prohibits Michigan courts from granting relief if a defendant's post-judgment motion "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence[.]"  An exception exists when "the defendant demonstrates (a) good cause for failure to raise such grounds on appeal" and "(b) actual prejudice from the alleged irregularities that support the claim for relief" or "a significant possibility that the defendant is innocent of the crime."  *Id.*

Petitioner could have raised his claims about his trial attorneys on direct appeal.[3]  Therefore, he violated Rule 6.508(D)(3) by raising those claims for the

---

[3]  He raised some claims about trial counsel on appeal, but not the specific claims that he is raising in his habeas petition.

first time in his motion for relief from judgment instead of during the direct appeal. This violation of Rule 6.508(D)(3) satisfies the first procedural-default factor.

To determine the basis for the state court's rejection of Petitioner's claim and whether the second procedural-default factor is satisfied, the Court looks to the last reasoned state court decision disposing of the claim. *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (*en banc*). The last state court to address Petitioner's ineffectiveness claims in a reasoned decision was the state trial court. It rejected Petitioner's claims because he failed to show good cause for not pursuing the issues earlier. Because this ruling constituted enforcement of Rule 6.508(D), the second procedural-default factor is satisfied. The third procedural-default factor also is satisfied, as Rule 6.508(D)(3) is an adequate and independent state ground for denying relief and foreclosing review of federal claims. *Benton*, 942 F.3d at 307; *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

All three procedural-default factors are satisfied here. "Still, a federal court may review a defaulted claim if the petitioner shows (1) good cause for the default and actual prejudice from the claimed error or (2) that [he or] she is actually innocent of the crime." *Benton*, 942 F.3d at 307 (alteration added).

## 2. "Cause" and Prejudice

Petitioner alleges that his appellate attorney should have raised his claims about trial counsel on direct appeal. (Pet., ECF No. 1 at Pg ID 21; Reply, ECF No.

11

10 at Pg ID 569).  Constitutionally ineffective assistance of counsel is cause for a procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Williams v. Burt*, 949 F.3d 966, 973 (6th Cir.), *cert. denied*, 141 S. Ct. 276 (2020) ("Generally speaking, counsel's deficient performance in state court can serve as grounds for excusing a petitioner's procedural default."); *Benton*, 942 F.3d at 307 (noting that one "way to show cause for a default is to show that appellate counsel's failure to raise the issue was ineffective assistance in its own right").

But an attorney is constitutionally ineffective only if the attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 694 (1984).  To prevail on a claim about appellate counsel, a petitioner must show:  (1) that the attorney acted unreasonably in failing to discover and raise nonfrivolous issues on appeal; and (2) there is a reasonable probability that the petitioner would have prevailed on appeal if his attorney had raised the issues.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 687-91, 694).

When determining whether an appellate attorney was ineffective, a habeas court must assess the strength of the claims that appellate counsel failed to raise on appeal.  *Carter v. Parris*, 910 F.3d 835, 841 (6th Cir. 2018) (citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008)).  "If there is no 'reasonable probability

that inclusion of the issue would have changed the result of the appeal,' then habeas relief will not be granted." *Id.* (quoting *McFarland*, 356 F.3d at 699).

### a. The Plea Attorney

Petitioner claims that his plea attorney failed to investigate his case, was unprepared to try the case, coerced him into pleading no contest, and should have re-argued the motion to suppress evidence. (Pet., ECF No. 1 at Pg ID 20.) For the reasons explained below, these claims lack merit and thus appellate counsel was not ineffective for failing to raise them.

As to his investigation claim, Petitioner fails to explain in any meaningful detail what investigation was not conducted, or even what material facts would have been discovered, had his plea attorney conducted a further investigation of an unknown nature. Petitioner does not claim that witnesses should have been interviewed, much less identify those witnesses or the exculpable testimony they would have offered. Nor does he identify any avenue of investigation counsel should have pursued.[4] Petitioner similarly makes only conclusory assertions

---

[4] Plea counsel and his private investigator did investigate Petitioner's assertion that the search warrant was not time stamped and that it was not obtained before the search. (12/15/14 Evidentiary Hr'g Tr. at 27, ECF No. 9-2 at Pg ID 144.) Neither defense counsel, nor the prosecution, was able to locate a time-stamped search warrant. (*Id.*) The evidence presented at the evidentiary hearing, however, established that the judge who signed the warrant does not usually time stamp warrants but only affixes a date with his signature. (*Id.* at 9, 34, Pg ID 140, 146.) The trial court concluded that the law does not require a time stamp. (*Id.* at 37, Pg ID 147.)

concerning counsel's preparedness.  His conclusory allegations are insufficient to establish that his plea counsel was ineffective.  *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (holding that a conclusory allegation of ineffective assistance of counsel is not a basis for habeas relief); *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007) (finding the petitioner's "ineffective assistance claim . . . doomed by the fact that she makes nothing more than conclusory assertions"); *Dell v. Straub*, 194 F. Supp. 2d 629, 650 (E.D. Mich. 2002) ("Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.").  Petitioner likewise does not suggest any additional exculpatory evidence or theories that would have been uncovered by further investigation or preparation.  *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it could have affected the outcome of the trial.").

Petitioner's coercion claim is premised on counsel's purported threat that if Petitioner did not plead guilty, he would go to prison until he was an old man. This claim is foreclosed by Petitioner's statements, made on the record at the plea hearing, that no threats influenced his decision to plead.  (12/15/14 Evidentiary Hr'g Tr. at 51-52, ECF No. 9-2 at Pg ID 150.)  When the trial judge asked Petitioner whether anyone had threatened him or tried to force him to plead no

contest, he answered, "No, your Honor." (*Id*. at 51-52, Pg ID 150.)  He also claimed to understand that if he pleaded no contest, he would be giving up any right to assert that promises or threats had been made to him or that it was not his choice to plead guilty. (*Id*. at 52, Pg ID 150.)  He then assured the court that it was his choice to plead no contest, and he pleaded no contest to the charges. (*Id*. at 52-53, Pg ID 150-51.)  Despite being represented by a different attorney at sentencing, Petitioner did not then raise the issue of plea counsel's coercion.

Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The trial court apparently found this to be true in Petitioner's case, for the court accepted Petitioner's plea as knowing, voluntary, and accurately made. (12/15/14 Evidentiary Hr'g Tr. at 55, ECF No. 9-2 at Pg ID 151.)

Petitioner, nevertheless, contends that his attorney coached him on how to answer the court's questions and informed him that if he did not plead no contest, he would be convicted and imprisoned until he was an old man.  Counsel's prediction about what would happen if Petitioner went to trial was a reasonable assessment of the case, given Petitioner's age (35), the strength of the evidence against him, and the lengthy penalty he faced as a habitual offender and without the *Cobbs* agreement if he were convicted as charged.

15

Even if Petitioner was frightened into believing that he would be convicted and imprisoned until he was an old man if he did not plead no contest, "an otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." *Parker v. North Carolina*, 397 U.S. 790, 795 (1970); *see also Brady v. United States*, 397 U.S. 742, 749-50 (1970) (concluding that the defendant's plea was not coerced and invalid simply because he may have preferred to plead guilty and limit the penalty to life imprisonment rather than go to trial where his chances of acquittal were slight, and he would face the possibility of being sentenced to death).

Lastly, Petitioner claims that he would have prevailed on his challenge to the search warrant if his plea attorney had attempted to re-argue the motion to suppress. Petitioner asserts that the search warrant was not time-stamped, that it was not obtained until after the search, and that he was not served with a copy of the warrant. The search warrant was dated and signed by a State district judge on the date it was executed. (Search Warrant, ECF No. 9-5 at Pg ID 270.) The officer in charge of the case testified at the evidentiary hearing that he obtained the search warrant prior to lunch that day, *before* the 3:00 p.m. search of Petitioner's home. (12/15/14 Evidentiary Hr'g Tr. at 8-9, ECF No. 9-2 at Pg ID 139-40.) While Petitioner informed his plea attorney that he was told by one of the police officers

16

that they did not have a warrant (*id*. at 16, Pg ID 141), he changed his story during the evidentiary hearing and testified that this was not exactly said and he only assumed the officers lacked a warrant because he asked for it multiple times and eventually was given only the evidence tabulation (*Id.* at 16, 22, 23-24, Pg ID 141, 143).

The trial judge subsequently determined that search warrants do not need to be time-stamped, that the incorrect address on the warrant tabulation was a ministerial defect which was not a sufficient basis for suppressing the evidence, and that Petitioner failed to establish that the warrant was not read to him or served on him.  (*Id*. at 37, Pg ID 147.)  The trial judge acknowledged that there was no testimony at the hearing as to exactly how the search warrant was revealed to Petitioner.  (*Id.* at 36, Pg ID 146.)  Nevertheless, the court concluded that it was Petitioner's burden to show that a search warrant was not utilized at the time and that he failed to make that showing.  (*Id.* at 37, Pg ID 147.)  The trial judge indicated that she would be "shocked" if any of the eight or nine officers present at the raid testified that they did not have a search warrant.  (*Id.*)

The plea attorney could have concluded from the trial court's remarks and ruling that it would be futile to seek reconsideration of the decision, and "failing to make a futile motion is neither unreasonable nor prejudicial."  *Jacobs v*. *Sherman*, 301 F. App'x 463, 470 (6th Cir. 2008) (citing *Strickland,* 466 U.S. at 687).

17

Petitioner does not articulate a new argument his plea attorney should have made to seek suppression of the evidence, much less an argument that would have resulted in a different outcome.[5]  Moreover, Petitioner pleaded no contest immediately after the trial court denied his motion to suppress evidence.  He waived further review of his challenge to the arrest warrant by pleading no-contest. *See People v. Lannom*, 490 N.W.2d 396, 397-98 (Mich. 1992) (citing *People v. New*, 398 N.W.2d 358, 363 (Mich. 1986)) (explaining "that a guilty plea waives many potential defenses, including issues regarding the denial of a motion to suppress evidence"); *see also United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001) ("It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty . . ..").

For these reasons, the performance of Petitioner's plea attorney was not deficient, and the alleged deficiencies did not prejudice the defense.  It follows that

---

[5] Petitioner attaches an article to his reply brief to challenge the credibility of the officer in charge.  (*See* ECF No. 10 at Pg ID 577-78.)  The article discusses a case that was dismissed due, in part, to problematic statements by the same officer in an August 2015 warrant concerning the reliability of an informant.  (*Id.* at Pg ID 578.)  The matter was dismissed not only due to a defect in the warrant but also because the defendant was in fact not living at the house searched and where drugs were found and because it was based on information obtained through an improperly placed tracking device.  (*Id.*)  The officer's affidavit in support of the search of Petitioner's home does not reflect the same concerns.  (*See* ECF No. 9-5 at Pg ID 271.)  Moreover, through his no contest plea, Petitioner waived further review of his challenge to the arrest warrant.

appellate counsel was not ineffective for failing to raise a claim about the plea attorney.

### b. Sentencing Attorney

Petitioner contends that his sentencing attorney was ineffective for failing to object to the scoring of PRV-7.  (Pet., ECF No. 1 at Pg ID 20.)  The attorney believed PRV-7 was correctly scored.  (2/26/15 Sentencing H'rg Tr. at 5, ECF No. 9-4 at Pg ID 228.)  While Petitioner apparently expressed a different opinion privately to his sentencing attorney during the hearing (*id*. at 5-6, Pg ID 228-29), no dispute was asserted on the record as to the scoring of PRV-7 (*id.*).  Such a challenge would have been meritless.

PRV-7 applies when "the offender was convicted of multiple felony counts or was convicted of a felony after the sentencing offense was committed."  Mich. Comp. Laws § 777.57(2)(a); *see also People v. Dickinson*, 909 N.W.2d 24, 29 (Mich. Ct. App. 2017) (explaining that PRV-7 "requires an assessment of points for subsequent or concurrent felony convictions"; *People v. Jarvi*, 548 N.W.2d 676, 677 (Mich. Ct. App. 1996) (stating that "PRV 7 is concerned with the commission of a number of felonies at the same time").  Twenty points must be assessed if "[t]he offender has 2 or more subsequent or concurrent convictions," Mich. Comp. Laws § 777.57(1)(a), not counting felony-firearm convictions, Mich. Comp. Laws § 777.57(2)(b).  By voluntarily pleading no contest to the concurrent

offenses, Petitioner tacitly acceded to the scoring of the variable. *People v. Piotrowski*, 536 N.W.2d 293, 295 (Mich. Ct. App. 1995).

Therefore, twenty points was an accurate score for PRV-7, and appellate counsel was not ineffective for failing to raise a claim about the sentencing attorney's lack of an objection to the scoring of PRV-7.

### c. Conclusion on "Cause and Prejudice"

Petitioner's underlying claims about his trial attorneys fail. Thus, his appellate attorney was not constitutionally ineffective for omitting Petitioner's ineffective assistance of counsel claims on direct appeal. Because appellate counsel was not ineffective, there is no "cause" to excuse Petitioner's procedural default, *Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 230 (6th Cir. 2019), and without "cause," the Court need not consider whether Petitioner has shown prejudice. *Benton,* 942 F.3d at 308*.

### 3. Miscarriage of Justice

In the absence of "cause and prejudice," a habeas petitioner may pursue a procedurally defaulted claim if he can demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Carrier*, 477 U.S. at 496). "To be credible, [a claim

20

of actual innocence] requires [the] petitioner to support his allegations of

constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–

that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner does not claim to be innocent, and he has not supported his

constitutional claims with new and reliable evidence of actual innocence.

Accordingly, a miscarriage of justice will not result from the Court's failure to

address the substantive merits of Petitioner's claims about his plea and sentencing

attorneys.  Those claims are procedurally defaulted.

### 4.  Appellate Counsel

Petitioner raises an independent claim about his appellate attorney,

contending that appellate counsel should have raised a claim about trial counsel

and requested a remand for a *Ginther* hearing[6] based on trial counsel's alleged

---

[6]  In Michigan, a *Ginther* hearing is an evidentiary hearing on a defendant's claim that the representation he received from his or her attorney was inadequate.  *See People v.* Ginther, 212 N.W.2d 922 (Mich. 1973).  The Michigan Supreme Court stated that

> [a] defendant who wishes to advance claims that depend on matters not of record can properly be required to seek at the trial court level an evidentiary hearing for the purpose of establishing his claims with evidence as a precondition to invoking the processes of the appellate courts except in the rare case where the record manifestly shows that the judge would refuse a hearing; in such a case the defendant should seek on appeal, not a reversal of his conviction, but an order directing

ineffectiveness. (Pet., ECF No. 1 at Pg ID 21.) Trial counsel, however, was not ineffective for the reasons given above, and "by definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

To the extent Petitioner is arguing that appellate counsel should have raised an issue about the trial court's denial of his motion to suppress evidence, his claim fails because he waived appellate review of that issue when he pleaded no contest. *See New*, 398 N.W.2d at 362.

Furthermore, the state trial court determined on state collateral review that none of Petitioner's attorneys performed deficiently. The trial court also determined that there was no reasonable probability that the result of the proceedings would have been different but for counsel's actions. AEDPA "requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013) (quoting *Richter*, 562 U.S. at 103).

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. . . . When § 2254(d) applies, the question is not whether counsel's

the trial court to conduct the needed hearing.

*Id.* at 925.

actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105 (internal citations omitted).

Petitioner's appellate attorney on direct review raised three sentencing issues and two related claims about trial counsel's failure to object or to object properly. Appellate counsel arguably satisfied *Strickland's* deferential standard.  He did not act unreasonably in failing to raise Petitioner's issues on appeal, and there is not a reasonable probability that Petitioner would have prevailed on appeal if his attorney had raised his habeas issues on direct appeal.  As a result, the state trial court's conclusion that appellate counsel did not perform deficiently was objectively reasonable, and Petitioner has no right to relief on his independent claim about appellate counsel.

### B.  Claim Two:  The Scoring of PRV-7

Petitioner asserts that the trial court erroneously determined that PRV-7 was properly scored.  According to Petitioner, the trial court failed to identify any evidence to support the court's scoring decision.

Although Respondent argues that this claim is procedurally defaulted, he also correctly points out that a state court's interpretation and application of state sentencing guidelines is "a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for

errors of state law[,]" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Thus,

Petitioner's challenge to the scoring of PRV-7 is not a cognizable claim in this

federal habeas corpus action.  The claim also lacks merit because Petitioner waived

review of the claim at his sentencing, and as discussed above, the scoring of PRV-

7 was justified by Petitioner's two concurrent felony convictions.

## IV.  Conclusion and Certificate of Appealability

For the reasons set forth above, the Court holds that Petitioner's claims do

not warrant habeas corpus relief.  To the extent Petitioner wishes to appeal this

decision, he must first seek and obtain a certificate of appealability.  *Miller-El v.

Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  To receive a certificate of appealability, "a petitioner must show that

reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336

(2003) (internal quotes and citations omitted).  When a habeas petition is denied on

procedural grounds, a certificate of appealability may issue only "when the

prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons discussed in this decision, Petitioner fails to satisfy these standards.

Accordingly,

**IT IS ORDERED** that Petitioner's habeas corpus petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (ECF No. 1 at Pg ID 66-71) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal if he appeals this decision, because he was granted *in forma pauperis* status in this Court.  Fed. R. App. P. 24(a)(3).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 21, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager